U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 3 1 2011
CLERK, U.S. DISTRICT COURT
by_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL LeBLANC, ET AL., | § | |
| Plaintiffs, | § § § | |
| VS. | § | NO. 4:10-CV-812-A |
| THE CITY OF HALTOM CITY, ET AL., | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision are six motions to dismiss for failure to state a claim upon which relief can be granted, one filed by defendants Texas Farmers Insurance Company ("Farmers") and 21st Century National Insurance Company ("21st Century"); one filed by defendant Geico General Insurance Company ("Geico"); one filed by defendant Allstate Insurance Company ("Allstate"); one filed by defendants National Insurance Crime Bureau ("NICB") and Charles Roberts ("Roberts"); one filed by defendant Jay Norris ("Norris"); and the final one filed by defendants City of Haltom City, Haltom City Police Department ("Police Department"), Detective Josh Boyd ("Boyd"), Detective Jennie Tyree ("Tyree"), and Chief Kenneth Burton ("Burton") (collectively, "City Defendants").

Since the filing of such motions, plaintiffs have, with leave of court, filed a first amended complaint. As the court made known in its May 25, 2011, order granting leave, the court is treating such motions as being directed to the claims alleged in the amended complaint that were alleged in the original complaint and carried forward into the amended one. After having considered such motions, as supplemented, the responses of plaintiffs, Michael LeBlanc ("LeBlanc") and DSW Masters Holding Corp. d/b/a Collision Masters ("Collision Masters"), thereto, defendants' replies, plaintiffs' amended complaint, and pertinent legal authorities, the court has concluded that all the motions should be granted as to all claims that were carried forward from the original complaint into the amended complaint, and that all such claims should be dismissed.

I.

Nature of Plaintiffs' Pleaded Claims

Plaintiffs characterize their action as a civil rights action brought pursuant to (a) 42 U.S.C. § 1983 complaining of violations of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, (b) sections 9 and 19 of Article I of the Texas Constitution, and the Texas Tort Claims

Act, section 101.001, et. seq., of the Texas Civil Practice and Remedies Code. Am. Compl. at 2.

In summary form, plaintiffs allege, to the extent relevant to this memorandum opinion and order, that:

Collision Masters operates several automobile body repair shops throughout the Dallas/Fort Worth metroplex. LeBlanc is general manager and principal stockholder of Collision Masters. On November 18, 2007, Tyree, a detective of Police Department, prepared and filed with the District Clerk of Tarrant County, Texas, a request for search warrant, in the form of an affidavit stating that she had reason to believe that items that would be found as a result of the search would show commission by LeBlanc of the offense of felony theft against customers. Statements made in the request to the district judge who issued the warrant were false or half truths, and failed to make reference to an important provision of plaintiffs' standard repair orders that would establish propriety of the conduct described in the request. Burton, who was acting chief of police of Police Department when the search warrant was sought, was Tyree's supervisor. The request for search warrant disclosed that Tyree had joined with others who were currently investigating plaintiffs, and she was part of an investigation being conducted

by NICB and its agents, Norris and Roberts, along with Boyd, a detective employed by Police Department.

At pertinent times, NICB and its agents were acting upon a complaint from an investigator working for Allstate. Also, NICB agents were working with various employees of Geico, Farmers, and 21st Century, other insurance companies that were also conducting investigations of the business practices of plaintiffs. All defendants were working in unison for the common purpose to gather evidence for the arrest and conviction of LeBlanc and to put Collision Masters out of business.

On November 18, 2007, the district judge to whom the search warrant affidavit of Tyree was presented issued the requested search warrant for the residence of LeBlanc and the business of plaintiffs; and, on or about November 19, 2007, Police Department, accompanied by the Tarrant County Task Force, acting through Boyd, and Norris and Roberts, acting as agents for NICB, executed the search warrant and conducted a thorough search of LeBlanc's residence and the business establishment of Collision Masters. When those searches were conducted various items of personal property were obtained from both locations.

Months later, when a hearing by plaintiffs for the return of the items of property taken during the searches was scheduled,

4

prosecutors in the Tarrant County district attorney's office charged LeBlanc with five felony counts of theft of $1,500 to $20,000. As a result, LeBlanc was arrested and placed in jail, where he was kept for several hours before he was able to make bond and was released. Three of those charges were "no billed" by the Tarrant County grand jury. Indictments were returned by the grand jury as to two of the charges. After several months, LeBlanc's criminal attorney was able to persuade the district attorney's office that there was no merit to the pending charges, and those two cases were dismissed. As of the filing of the complaint, there were no criminal charges pending against either plaintiff.

Plaintiffs make rather detailed allegations in their amended complaint of their contentions relative to investigative conduct of NICB, its agents, and the insurance company defendants that led to the November 18, 2007, request by Tyree for issuance of a search warrant. The main focus of these allegations is repeated reference to a provision in the standard repair orders used by plaintiffs that, according to plaintiffs, justified the conduct that led to Tyree's request for issuance of a search warrant.

The causes of action alleged by plaintiffs in their amended complaint are set forth in its sections IV and V. In section IV,

5

plaintiffs allege causes of action pursuant to 42 U.S.C. § 1983 based on alleged violations of plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights. After restating in an abbreviated form the facts alleged in earlier parts of the amended complaint, plaintiffs sum up their federal constitutional violation causes of action as follows:

> As a direct and proximate result of the aforesaid acts of Defendants, separately and in concert, in depriving Plaintiffs of their rights under the fourth, fifth, and fourteenth amendments of the Constitution, the Plaintiffs suffered great mental anguish, lost great sums of money by reason of Plaintiff LeBlanc's incarceration and the search and taking of Plaintiffs' property, and have been greatly humiliated and held up to public scorn and derision as a result of the foregoing acts of the Defendants.

Am. Compl. at 27, § IV, ¶ 14. The allegations in section IV of the amended complaint appear to be directed against all defendants. In a nutshell, plaintiffs allege in paragraph IV that all defendants have liability to them under § 1983 by conducting an illegal search of plaintiffs' properties, by illegally seizing items of property belonging to plaintiffs at the time of those searches, and by arresting and incarcerating LeBlanc.[1] Plaintiffs allege that City Defendants were acting

---

[1] Section IV of the amended complaint appears simply to carry forward from the original complaint the same basic claims asserted against all defendants, with elaboration in paragraphs 8 through 11 on pages (continued...)

6

under color of law and that the remaining defendants acted "under color and pretense of law." Id. at 15, § IV, ¶ 3.

The causes of action asserted in section V of the original complaint were directed against only City Defendants. Compl. at 18, § V. Somewhat illogically, plaintiffs seem to have changed the wording of section V in the amended complaint to expand its scope to other defendants, without defining which ones.

In section V, plaintiffs assert causes of action based on sections 9 and 19 of Article I of the Texas Constitution, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and the Texas Tort Claims Act. While the wording differs, the factual bases for the section V claims are essentially the same as the factual bases for the section IV claims--the seeking and obtaining on November 18, 2007, of a search warrant, conduct of the searches pursuant to those warrants on November 19, 2007, the taking of plaintiffs' property at the time of those searches, and the subsequent arrest and

---

[1](...continued)
25-26 of the amended complaint as to reasons why defendants have liability for the allegedly illegal search, seizure, arrest, and incarceration. The court notes that plaintiffs added to the language in paragraph 5 and again in paragraph 6 of section IV of the amended complaint the words "and freedom from malicious prosecution." The court does not consider that the adding of those words has the effect of adding causes of action to section IV that were not alleged in the original complaint. The court interprets the added language to be nothing more than an elaboration on adverse consequences that indirectly resulted from the allegedly illegal search and seizure.

brief incarceration of plaintiff following the return of the indictments by the grand jury.

The only potentially significant change in section V of the amended complaint from the original complaint is the addition of paragraph 10, which reads as follows:

> In addition to the causes of action already stated, the conduct of all of the Defendants constituted false arrest and false imprisonment in that there was a (1) willful detention; (2) without consent; and (3) without authority of law; and, malicious prosecution in that Plaintiff LeBlanc was prosecuted because the Defendants maliciously provided false or misleading information to the district attorney such that there was (1) a criminal action was commenced against him; (2) the prosecution was caused, meaning initiated or procured, by the Defendant [sic] or with their aid; (3) the action terminated in the plaintiff's favor; (4) the plaintiff was innocent; (5) the Defendants acted without probable cause; (6) the Defendants acted with malice; and (7) the criminal proceeding damaged the plaintiff.

Am. Compl. at 29-30, ¶ 10. To whatever extent these conclusory allegations might be intended to be directed against defendants other than City Defendants, they would be of no legal effect. Not only must a complaint plead facts instead of conclusions, see Ashcroft v. Iqbal, 556 U.S. ---, 129 S. Ct. 1937, 1949-50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 & n.3 (2007), but the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible, Iqbal, 129 S. Ct. at

8

1950; Twombly, 550 U.S. at 556-57, 566-69. The court is not treating the new allegations in section V of the amended complaint to be viable allegations against defendants other than City Defendants. If they were intended to have that effect, they would not be supported by any pleaded set of facts supporting a plausible claim as against the other defendants.[2] Indeed, the court questions whether facts are alleged that would make the theories that seem to be urged in paragraph 10 sufficient as against even City Defendants. However, the court is withholding a decision on that issue at this time.

II.

## Grounds of the Motions

Each of the motions to dismiss asserts multiple grounds for dismissal. The court tentatively has concluded that more than one ground in each motion has merit. However, in the interest of judicial economy, the only ground the court is fully considering, which is common to all the motions, is that all of the causes of

---

[2] None of the allegations in section V, or anywhere else in the amended complaint, state facts that would even remotely support the elements of any cause of action against the other defendants beyond the alleged illegal search, illegal seizure, and illegal arrest and incarceration causes of action. Mere conclusory allegations do not satisfy plaintiffs' pleading obligations.

action pleaded by plaintiffs in the original complaint are barred by the applicable two-year statute of limitations.

III.

Analysis

A. A Rule 12(b)(6) Dismissal Based on a Limitations Bar is Appropriate

The court is authorized to grant a motion to dismiss for failure to state a claim upon which relief can be granted if a successful affirmative defense appears on the face of the pleadings. See Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir. 1986). That principle extends to a limitations bar that appears on the face of the complaint. See, e.g., Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003); Kansa Reinsurance Co., Ltd. v. Congressional Mortg. Corp. of Texas, 20 F.3d 1362 (5th Cir. 1994).

B. Applicable Limitations Period

The limitations period applicable to each of plaintiff's pleaded causes of action is two years. Supreme Court and Fifth Circuit decisions have firmly established that the general Texas two-year tort statute of limitations, section 16.003 of the Texas Civil Practice and Remedies Code, applies to claims based on alleged violations of the Constitution of the United States. See

Wallace v. Kato, 549 U.S. 384, 387-88 (2007); Cuadra v. Houston Indep. Sch. Dist., 626 F.3d 808, 814 n.7 (5th Cir. 2010); Whitt v. Stephens County, 529 F.3d 278, 282 (5th Cir. 2008); Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001). Presumably plaintiffs' state law claims are controlled by the same statute of limitations. See Brandley v. Keeshan, 64 F.3d 196, 198 (5th Cir. 1995).

C. **The Two-Year Statute of Limitations Bars All of Plaintiffs' Claims That Were Carried Forward From the Original Complaint to the Amended Complaint**

The complaint by which this action was initiated was not filed until October 25, 2010, more than two years after Tyree's request for search warrants, execution of the search warrants, seizure of items of plaintiffs' property, and the arrest of LeBlanc.[3] Thus, absent a tolling of the two-year limitations period, all claims based on those events are barred.

Starting with their response to the first-filed of the motions to dismiss (Allstate's motion filed March 10, 2011), plaintiffs have cited as their sole legal authority that their

---

[3]While the precise date of LeBlanc's arrest about which plaintiffs complain is not stated in the amended complaint, the court can, and does, take judicial notice of the official documents, copies of which are in the record, showing that the warrants for LeBlanc's arrest were issued August 11, 2008, and that LeBlanc was arrested pursuant to the warrants on August 12, 2008. Mot. to Dismiss of NICB and Roberts, App. at 002, 006, 011. This is consistent with the request of plaintiffs that the court take judicial notice of official documents pertaining to his arrest. Pls.' Br. in Resp. to City Defendants' Mot. at 4.

claims are not barred by limitations the 2005 decision of the Fifth Circuit in Price v. City of San Antonio, 431 F.3d 890 (5th Cir. 2005). Br. in Supp. of Pls.' Resp. to Allstate Mot. at 7; Br. in Supp. of Pls.' Resp. to Farmers and 21st Century Mot. at 8; Br. in Supp. of Pls.' Resp. to Norris Mot. at 7; Br. in Supp. of Pls.' Resp. to City Defendants Mot. at 3.[4] Plaintiffs use Price as the basis for their contention that the statute of limitations did not start to run on plaintiff's illegal search and seizure and illegal arrest claims until the criminal proceedings had been terminated in plaintiffs' favor. See Br. in Supp. of Pls.' Resp. to Allstate Mot. at 7.

Plaintiffs fail to acknowledge that in 2007 the Supreme Court in its Wallace v. Kato decision abrogated the Fifth Circuit Price holding upon which plaintiffs rely. 549 U.S. at 397. Specifically, the Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Id. In Wallace, the Supreme Court expressly ruled that "a § 1983 cause

---

[4] Plaintiffs chose not to make a response to the limitations bar ground of the Geico, NICB, and Roberts motions to dismiss.

of action is a question of federal law that is <u>not</u> resolved by reference to state law." <u>Id.</u> at 388.

The precursor of <u>Price</u> was <u>Brandley v. Keeshan</u>, 64 F.3d 196 (5th Cir. 1995). <u>See</u> <u>Price</u>, 431 F.3d at 894. In <u>Mapes v. Bishop</u>, 541 F.3d 582, 584 (5th Cir. 2008), the Fifth Circuit recognized that, to the extent <u>Wallace</u> conflicts with the Fifth Circuit's decision in <u>Brandley</u>, <u>Wallace</u> abrogated <u>Brandley</u>. Two district courts in the Fifth Circuit have ruled that the limitations tolling principle announced in <u>Brandley</u> and followed in <u>Price</u> was abrogated by <u>Wallace</u>. <u>See</u> <u>Lopez v. Unknown Galveston Police Officer</u>, No. G-06-0371, 2007 WL 1108736, at *2, *4-6 (S.D. Tex. Apr. 11, 2007); <u>Vidrine v. United States</u>, No. 6:07-1204, 2008 WL 4198547, at *6 (W.D. La. Aug. 8, 2008).

The court is satisfied that the reason given in <u>Wallace</u> for non-tolling of a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment applies equally to claims seeking damages for unconstitutional searches and seizures and related activities. Absent tolling, "under federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." <u>Piotrowski</u>, 237 F.3d at 576 (omitting quotation marks and brackets). <u>See also</u>

Cuadra, 656 F.3d at 814 n.7. Obviously, plaintiffs were aware of injury resulting from the issuance and execution of the search warrants and the seizure of items of their property, and related events, when the searches and seizures occurred in November 2007.

Therefore, the two-year limitations period applicable to the search and seizure activities commenced no later than November 19, 2007, with the result that whatever causes of action might have existed by reason of those activities were barred by limitations when plaintiffs filed their complaint in this action on October 25, 2010. The <u>Wallace</u> holding makes clear that the alleged causes of action based on LeBlanc's arrest and brief incarceration accrued in August 2008 and, thus, were barred by limitations when this action was instituted in October 2010.

IV.

Conclusion

For the reasons stated above, the court concludes that all claims plaintiffs asserted in their original complaint that were carried forward into their amended complaint are barred by the two-year statute of limitations. This includes (a) all otherwise viable claims asserted by plaintiffs against Farmers, 21st Century, Geico, Allstate, NICB, Roberts, and Norris and (b) all claims asserted against City Defendants that are based on the

November 18, 2007, request for a search warrant, the November 19, 2007, searches of LeBlanc's residence and the business establishment of Collision Masters, the seizure of property at the time of those searches, and LeBlanc's arrest and brief incarceration in August 2008.

The court interprets paragraph 10 of section V of the amended complaint to be an attempt by plaintiffs to allege against City Defendants causes of action beyond those asserted in the original complaint, though the court is somewhat puzzled as to exactly what causes of action plaintiffs might be seeking to add by those allegations. The court wishes to hear from the parties as to the merit of any attempt by plaintiffs to add in the amended complaint causes of action against City Defendants that were not included in the original complaint; and, the court is inviting the parties to move expeditiously to put before the court their respective positions on any new claims that might be asserted by plaintiffs against City Defendants.

V.

Order

For the reasons given above,

The court ORDERS that the motions to dismiss of Farmers, 21st Century, Geico, Allstate, NICB, Roberts, and Norris be, and

are hereby, granted, and that all claims asserted by plaintiffs against those defendants be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal of the claims of plaintiffs against Farmers, 21st Century, Geico, Allstate, NICB, Roberts, and Norris.

The court further ORDERS that all claims of plaintiffs against City Defendants based on the November 18, 2007, request for a search warrant, the November 19, 2007, searches of LeBlanc's residence and the business establishment of Collision Masters, the seizure of property at the time of those searches, and LeBlanc's arrest and brief incarceration in August 2008 be, and are hereby, dismissed.

SIGNED May 31, 2011.

JOHN McBRYDE
United States District Judge