IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MICHAEL LeBLANC, ET AL., §
 §
      Plaintiffs, §
 §
VS. § NO. 4:10-CV-812-A
 §
THE CITY OF HALTOM CITY, ET AL., §
 §
      Defendants. §

## MEMORANDUM OPINION
and
ORDER

Before the court for consideration is the supplement filed May 31, 2011, by defendants, City of Haltom City, Haltom City Police Department, Detective Josh Boyd, Detective Jennie Tyree, and Chief Kenneth Burton (collectively, "City Defendants"), to an earlier-filed motion to dismiss for failure to state a claim. The court has concluded that the additional relief sought by such supplement should be granted, and that all claims asserted by plaintiffs, Michael LeBlanc ("LeBlanc") and DSW Masters Holding Corp. d/b/a Collision Masters ("Collision Masters"), against City Defendants[1] that remain pending should be dismissed.

---

[1] Haltom City Police Department is not a separate legal entity. The action naming it is really against City of Haltom City. See Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991). Similarly, the claims against the individual City Defendants (Detective Josh Boyd, Detective Jennie Tyree, and Chief Kenneth Burton) in their official capacities are but suits against City of Haltom City, their employer. See Monell v. New York Dep't. of Soc. Servs., 436 U.S. 658, 690 n.55 (1978); Franka v. Velasquez, 332 S.W.3d 367, 382 (Tex. 2011).

I.

## Background

For a statement of the nature of plaintiffs' pleaded claims, the court adopts by reference the text under the heading "Nature of Plaintiffs' Pleaded Claims" on pages 2-9 of the memorandum opinion and order the court signed in this action on May 31, 2011. City Defendants had filed a motion to dismiss all claims asserted against them in plaintiffs' original complaint. When the court granted plaintiffs leave to file an amended complaint, the court made known the court's intention to deem the previously filed motion to dismiss to be directed to the amended complaint to whatever extent the claims asserted against City Defendants in the original complaint were carried forward into the amended complaint.

The court granted the originally filed motion to dismiss by a memorandum opinion and order signed in this action on May 31, 2011. The court ordered dismissals of all claims of plaintiffs against City Defendants based on the November 18, 2007, request for a search warrant, the November 19, 2007, searches of LeBlanc's residence and the business establishment of Collision Masters, the seizure of property at the time of those searches, and LeBlanc's arrest and brief incarceration in August 2008. The

2

supplement of City Defendants to their motion to dismiss is directed to a malicious prosecution claim that is added against City Defendants in the amended complaint under both 28 U.S.C. § 1983 and Texas law.[2]

## II.

## Analysis

Placing reliance on <u>Castellano v. Fragozo</u>, 352 F.3d 939 (5th Cir. 2003), and its progeny, City Defendants take the position that malicious prosecution itself is not a violation of the United States Constitution that could form the basis of an action under 28 U.S.C. § 1983; and, as to the state law features of the newly pleaded malicious prosecution claim, City Defendants maintain that City of Haltom City is entitled to dismissal because the Texas Tort Claims Act ("TTCA") expressly preserves municipalities' sovereign immunity to claims for intentional torts, and that the individual City Defendants, all of whom are city employees, are entitled to dismissal by reason of section 101.106(e) of the Texas Civil Practice and Remedies Code.

---

[2] While the amended complaint is not a model of clarity, the court agrees with City Defendants that the only cause of action against City Defendants that plaintiffs have added in their amended complaint in addition to what was alleged in the original complaint is a malicious prosecution claim.

3

Plaintiffs have responded to City Defendants' supplement to their motion to dismiss by what appears to be an argument that the malicious prosecution claim is actionable under § 1983 because of Fourth Amendment violations that preceded it, in the form of the arrest and seizure of LeBlanc on August 12, 2008, after charges were filed against him by the office of the District Attorney of Tarrant County, Texas. As to the state law claims, plaintiffs do not deny that City of Haltom City has sovereign immunity as to the malicious prosecution claim.[3] Plaintiffs maintain that they can pursue their causes of action against the city employee defendants notwithstanding the provisions of section 101.106(e), reasoning that their first election was to sue the individual defendants in a state court action and that, therefore, they should be permitted now to sue them in this court. The court disagrees with both of plaintiffs' arguments.

---

[3] At page 9 of its response to the originally filed motion to dismiss of City Defendants, plaintiffs hinted at a contention that they were claiming that the search and seizure by the police officers was negligent conduct rather than an intentional tort. Any attempt by plaintiffs to characterize their claims in terms of negligence rather than intentional conduct would prove unavailing. See <u>Mitchell v. City of Sugar Land</u>, No. G-10-223, 2011 WL 1156253, *10 n.7 (S.D. Tex. Mar. 25, 2011).

4

A. <u>Plaintiffs Have Not Alleged a § 1983 Claim Against City of Haltom City</u>

In <u>Castellano</u>, the Fifth Circuit expressly decided that malicious prosecution "standing alone is no violation of the United States Constitution, and that to proceed under 42 U.S.C. § 1983 such a claim must rest upon a denial of rights secured under federal and not state law." <u>Castellano</u>, 352 F.3d at 942. The constitutional claims of plaintiffs (search and seizure and arrest and incarceration) that already have been dismissed are not claims for malicious prosecution, and are not claims that would provide a pedestal that would support a § 1983 claim for malicious prosecution. The court notes that it would be an unusual, and unacceptable, state of affairs if a malicious prosecution claim under § 1983 could find its support in constitutional claims that are subject to dismissal by reason of a statute of limitations bar. Somewhat apropos to the instant action is the following language used by the United States District Court for the Southern District of Texas in <u>Gonzalez v. City of Corpus Christi, Texas</u>:

> The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection--the Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued. Such claims of lost

5

> constitutional rights are for violation of rights
> locatable in constitutional text, and some such claims
> may be made under 42 U.S.C. § 1983. **Regardless, they
> are not claims for malicious prosecution and labeling
> them as such only invites confusion.**

No. C-10-321, 2011 WL 147741, *3 (S.D. Tex. Jan. 18, 2011).

Part of plaintiffs' responsive argument seems to be that LeBlanc continued to be "seized" after his arrest even though he was released on conditions of release. The only point the court can think of that defendants are trying to make by that argument is that the court should have held in its May 31, 2011, rulings that limitations as to any claim arising from LeBlanc's arrest did not start to run at the time of his arrest because the effect of his arrest was ongoing. If that is plaintiffs' point, it flies directly in the face of the holding of the Supreme Court in Wallace v. Kato, 549 U.S. 384 (2007), that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Id. at 397.

Plaintiffs cite as their authority for their "continuing seizure" theory the concurring opinion of Justice Ginsburg in Albright v. Oliver, 510 U.S. 266 (1994). Pls.' Resp. to Supp. at

6

2-3. Had plaintiffs paid closer attention to the various opinions in <u>Albright v. Oliver</u>, they would have realized that the sense of the plurality was that a § 1983 cause of action does not exist for a malicious prosecution claim, particularly if a state tort remedy is available. <u>Id.</u> at 285-86. In this case, a state tort remedy was available against the state and municipal employees who were responsible for conduct about which plaintiffs complain in their malicious prosecution allegations. <u>See</u> <u>Pennington v. Baylous</u>, No. H-03-4163, 2005 WL 2241014, *6 (S.D. Tex. Sept. 15, 2005). The fact that plaintiffs took action that has given the employee defendants the right to have the claim as to them dismissed does not mean that a state court remedy was not available. It simply means that plaintiffs took action that caused them to forfeit their state tort remedy.

The court concludes that plaintiffs fail to state in their amended complaint a § 1983 claim against City Defendants.

B. <u>Plaintiffs Have Not Alleged a State Law Claim of Malicious Prosecution Against City of Haltom City</u>

As City Defendants point out in their supplement, the TTCA expressly preserves municipalities' sovereign immunity to claims for intentional torts. Tex. Civ. Prac. & Rem. Code § 101.057(2). Plaintiffs do not take issue with City of Haltom City on that

point. Therefore, whatever state law claim might be asserted by plaintiffs against the city for malicious prosecution should be dismissed. See Humphreys v. City of Ganado, Tex., No. V-10-50, 2011 WL 284432, *5 (S.D. Tex. Jan. 25, 2011); Pennington at *6.

C. Plaintiffs' Claims Against City Defendants Who Are City Employees Are Subject to Dismissal Under Section 101.106(e)

Section 101.106 is a part of the TTCA. Section 101.106(e) reads as follows:

> (e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

Tex. Civ. Prac. & Rem. Code § 101.106(e). The Texas Supreme Court has made clear that all common-law tort theories alleged against a governmental unit are assumed to be under the TTCA. Franka v. Velasquez, 332 S.W.3d 367, 369, 379, 385 (Tex. 2011). Section 101.106(e) is directly in point here. Therefore, the individual City Defendants are entitled to dismissal as to the malicious prosecution claim. See Mitchell v. City of Sugar Land, No. G-10-223, 2011 WL 1156253, *10 (S.D. Tex. Mar. 25, 2011).

D. Conclusion

For each of the reasons given above, plaintiffs' claim for malicious prosecution against City Defendants is dismissed in all

8

of its aspects, with the consequence that all claims of plaintiffs against City Defendants have been or are now being dismissed. City Defendants in their originally filed motion asserted other grounds why claims against them should be dismissed. The court tentatively has concluded that some of those other grounds apply to the malicious prosecution claim as well as to the originally asserted claims. However, City Defendants have not asked the court to consider those other grounds as to the malicious prosecution claim, and the court sees no reason why it should discuss them in this memorandum opinion and order.

III.

Order

Therefore,

The court ORDERS that the malicious prosecution claim asserted by plaintiffs against City Defendants be, and is hereby, dismissed.

SIGNED June 7, 2011.

JOHN McBRYDE
United States District Judge